UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANUEL TZEP CHAVEZ, <br> JUAN ANGEL TZEP CHAVEZ, and <br> MIGUEL TEPAZ SAC <br><br> Plaintiffs, <br><br> v. <br><br> SHAHINI CORPORATION, <br> DBA BROOKLYN PIZZERIA, and <br> ERINDI, L.L.C., <br> DBA BROOKLYN PIZZERIA <br><br> Defendants. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:19-cv-02324 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

1. This is a suit brought by Manuel Tzep Chavez, Juan Angel Tzep Chavez, and Miguel Tepaz Sac ("Plaintiffs") for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. against Shahini Corporation, dba Brooklyn Pizzeria and Erindi, L.L.C., dba Brooklyn Pizzeria ("Defendants"). Defendants employed Plaintiffs as kitchen workers in restaurants doing business as Brooklyn Pizzeria. Plaintiffs Manuel Tzep Chavez and Miguel Tepaz Sac worked at the restaurant located at 7930 W Grand Parkway S, Richmond, Texas 77406 (the "Brooklyn Pizzeria – Richmond Location"). Plaintiff Juan Angel Tzep Chavez worked at the restaurant located at 4717 Highway 6, Missouri City, Texas 77459 (the "Brooklyn Pizzeria – Missouri City Location"). Plaintiffs worked more than 40 hours per week in most weeks, and often 60 hours per week. Defendants failed to pay Plaintiffs the overtime premium required by law for the overtime hours they worked each workweek. Furthermore, Defendant Shahini Corporation fired Plaintiff Juan Angel Tzep Chavez in

retaliation for his brother Manuel Tzep Chavez filing this FLSA complaint. Plaintiffs seek to recover their unpaid overtime pay, plus liquidated damages, compensatory damages, interest, costs, and attorney's fees as provided by law.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216(b). because Defendants' principal places of business are in this district and the events giving rise to the cause of action occurred within this district.

## PARTIES

5. Plaintiff Manuel Tzep Chavez is an individual residing in Harris County, and has consented to the filing of this action for violations of the FLSA (*see* Dkt. # 1-2).

6. Plaintiff Juan Angel Tzep Chavez is an individual residing in Harris County, and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A).

7. Plaintiff Miguel Tepaz Sac is an individual residing in Harris County, and has consented to the filing of this action for violations of the FLSA (*see* Exhibit B).

8. Defendant Shahini Corporation, is a corporation based in Texas. Defendant can be served through its registered agent, Xhemal Shahini, at 20203 Appaloose Ridge Drive, Humble, TX 77338.

9. Defendant Erindi, L.L.C. is a limited liability corporation based in Texas. Defendant can be served through its registered agent, Xhemal Shahini, at 23 Ember Branch Drive, Missouri City, TX 77459.

## FACTS

## FLSA COVERAGE, EMPLOYEE AND EMPLOYER STATUS

10. From approximately December 2016 until approximately March 2019, Plaintiff Manuel Tzep Chavez was employed as a kitchen worker at the Brooklyn Pizzeria – Richmond Location.

11. From approximately February 2015 until approximately August 2018, and then again from approximately January 2019 until approximately September 2019, Defendant Shahini Corporation employed Plaintiff Juan Angel Tzep Chavez as a kitchen worker at the Brooklyn Pizzeria – Missouri City Location.

12. From approximately November 2017 until approximately March 2019, Plaintiff Miguel Tepaz Sac was employed as a kitchen worker at the Brooklyn Pizzeria – Richmond Location.

13. Upon information and belief, Defendant Shahini Corporation owned the Brooklyn Pizzeria – Richmond Location until January 2019, at which point ownership of the Brooklyn Pizzeria – Richmond Location was transferred to Erindi, L.L.C.

14. Upon information and belief, Defendant Shahini Corporation owned the Brooklyn Pizzeria – Missouri City Location at all times relevant to this lawsuit.

15. At all times relevant to this lawsuit, Plaintiffs were "employees" as that term is defined in 29 U.S.C. § 203(e).

16. During at least some of the relevant time period, Defendant Shahini Corporation was an employer of all three Plaintiffs, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3

*First Amended Complaint*

17. During at least some of the relevant time period, Defendant Erindi, L.L.C. was an employer of Plaintiffs Manuel Tzep Chavez and Miguel Tepaz Sac, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times relevant to this lawsuit, Plaintiffs have been employed in an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

19. At all times relevant to this lawsuit, the Brooklyn Pizzeria – Richmond Location has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes as the retail level which are separately stated.

20. At all times relevant to this lawsuit, the Brooklyn Pizzeria – Missouri City Location has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes as the retail level which are separately stated.

21. At all times relevant to this lawsuit, the Brooklyn Pizzeria – Richmond Location and the Brooklyn Pizzeria – Missouri City Location, together with other restaurants operated under a unified operation or common control, collectively have had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes as the retail level which are separately stated.

22. At all times relevant to this lawsuit, the Brooklyn Pizzeria – Richmond Location has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, including food products, and other items regularly sold.

23. At all times relevant to this lawsuit, the Brooklyn Pizzeria – Missouri City Location has had employees engaged in commerce or in the production of goods for commerce, or employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, including food products, and other items regularly sold.

24. At all times relevant to this lawsuit, the Brooklyn Pizzeria – Richmond Location and the Brooklyn Pizzeria – Missouri City Location, together with other restaurants operated under a unified operation or common control, collectively have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, including food products, and other items regularly sold.

## SUCCESSOR LIABILITY

25. To the extent Shahini Corporation is unable to provide relief directly by paying any judgment against it, Plaintiffs plead in the alternative that Erindi, L.L.C. is liable under the doctrine of successor liability, as a successor entity for the FLSA violations of its predecessor, Shahini Corporation.

26. During all times relevant to this action, the restaurant at the Brooklyn Pizzeria – Richmond Location where Plaintiffs Manuel Tzep Chavez and Miguel Tepaz Sac were employed was advertised as Brooklyn Pizzeria.

27. Upon information and belief, Xhemal Shahini is both the President of Shahini Corporation and the sole owner and Director of Erindi, L.L.C.

28. The Brooklyn Pizzeria – Richmond Location has had substantial continuity of business operations since it was acquired by Defendant Erindi, L.L.C. Erindi, L.L.C. continues to use the same business name, business model, employees, equipment, and facilities as its predecessor.

29. Upon information and belief, Defendant Erindi, L.L.C. had notice of potential liability when it acquired the relevant assets because both entities are and at all relevant times have been

owned and controlled by Xhemal Shahini, and Erindi, L.L.C. continued the same FLSA violations in the same manner with regard to the same Plaintiffs, Manuel Tzep Chavez and Miguel Tepaz Sac, as Shahini Corporation.

30. The overall equities support the imposition of successor liability because, otherwise, Plaintiffs Manuel Tzep Chavez and Miguel Tepaz Sac would be denied most relief and Defendant Shahini Corporation would evade responsibility for its illegal pay practices through corporate reorganization and transfers between the same individual owner with knowledge of the violations.

## FLSA VIOLATIONS

31. Plaintiffs regularly worked more than forty hours in a workweek for Defendants' restaurants, often 60 hours per week.

32. At all times relevant to this lawsuit, Defendants failed to pay Plaintiffs the required time-and-one-half pay for hours they worked in excess of 40 hours each workweek.

33. At all times relevant to this lawsuit, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay overtime compensation due to Plaintiffs.

34. At all times relevant to this lawsuit, Defendants failed to maintain complete and accurate records of Plaintiffs' hours of work as required by the FLSA.

## RETALIATION

35. This lawsuit was filed on June 28, 2019. (Doc. 1). Plaintiff Manuel Tzep Chavez filed a return of service for Defendant Shahini Corporation on July 30, 2019, which indicated that the complaint had been served on July 25, 2019 on an individual at the Brooklyn Pizzeria – Missouri City Location, who identified themselves as Xhemal Shahini. (Doc. 5).

6

*First Amended Complaint*

36. Plaintiff Juan Angel Tzep Chavez was fired from the Brooklyn Pizzeria – Missouri City Location in September 2019. The manager of the Missouri City-Location, Gentian Fraholli, informed Juan Angel Tzep Chavez that he was fired and stated that it was because of the papers the boss received about his brother, or words to that effect.

37. Defendant Shahini Corporation terminated Plaintiff Juan Angel Tzep Chavez because Plaintiff Manuel Tzep Chavez filed this FLSA lawsuit.

38. As a result of Shahini Corporation's violations of the FLSA, Plaintiff Juan Angel Tzep Chavez has suffered emotional distress, mental and emotional anguish, inconvenience, and stress.

## CAUSE OF ACTION (FLSA-OVERTIME)

39. The above-described actions by Defendants violated Plaintiffs' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 207, for which the Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION (FLSA-RETALIATION)

40. The above-described actions by Defendant Shahini Corporation constitute illegal retaliation against Plaintiff Juan Angel Tzep Chavez, under the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), for which Plaintiff Juan Angel Tzep Chavez is entitled to relief pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that upon final hearing, the Court grant Plaintiffs relief as follows:

  a.  Declare Defendants in violation of the Fair Labor Standards Act;

7

*First Amended Complaint*

b.  Find that Defendant Erindi, L.L.C. is liable for the FLSA violations of Defendant Shahini Corporation as a successor of that Defendant;

c.  Award Plaintiffs their unpaid overtime wages;

d.  Award Plaintiffs liquidated damages in an amount equal to their overtime wages;

e.  Award Plaintiff Juan Angel Tzep Chavez compensatory damages for his emotional distress due to Defendant Shahini's unlawful FLSA retaliation;

f.  Award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

g.  Award Plaintiffs Pre-Judgment and Post-Judgment interest, as provided by law;

h.  Such other relief as this Court deems just and proper.

Respectfully submitted,

*First Amended Complaint*

By:   EQUAL JUSTICE CENTER

/s/ Caitlin Boehne
**CAITLIN BOEHNE**
**ATTORNEY-IN-CHARGE**
Texas State Bar No. 24075815
Southern District of Texas Federal ID No. 3146004
Email: cboehne@equaljusticecenter.org

**AARON JOHNSON**
Texas State Bar No. 24056961
*Pro Hac Vice*
Email: ajohnson@equaljusticecenter.org

**EQUAL JUSTICE CENTER**
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007 ext-110
Fax: (512) 474-0008

**JORDYN RYSTROM EMMERT**
Texas State Bar No. 24106381
Southern District of Texas Federal ID No. 3150454

**EQUAL JUSTICE CENTER**
1922 Common Street
Houston, Texas 77009
Tel.: (832)322-7889
Email: jemmert@equaljusticecenter.org

**ATTORNEYS FOR PLAINTIFFS**